# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JAMIE ZENDIAN, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CAUSE NO.:2:17-CV-174-RL-JEM |
| | ) |
| INDIANA DEPARTMENT OF CHILD | ) |
| SERVICES, *et al.*, | ) |
|     Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the parties' briefs regarding attorney fees stemming from Defendant's successful motion to compel. On April 24, 2018, the Court issued an Order granting Defendant's Motion to Compel and set a briefing schedule for the attorney's fees incurred in filing the motion. On May 11, 2018, Defendant filed an itemization requesting $1,035 in attorney's fees. Plaintiff filed a response objecting to the request on May 25, 2018, and on June 1, 2018, Defendant filed a reply correcting the amount of their request to $780.

Rule 37(a)(5)(A) provides that, if a motion to compel is granted, the Court "must, after giving the opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees" unless "the movant filed the motion before attempting in good faith to obtain" the requested discovery, "the opposing party's nondisclosure . . . was substantially justified; or . . . other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendants' Motion to Compel was granted, so it is up to Plaintiff to demonstrate that her nondisclosure was substantially justified or other circumstances make an award of attorneys' fees

unjust. Plaintiff argues that Defendants miscalculated the amount of fees requested, and that only $780.00 in fees was incurred for 5.2 hours worth of work at $150 per attorney hour, and argues that it should not have taken as many attorney hours as requested. Plaintiff did not respond to the Motion to Compel, does not now argue that the nondisclosure was substantially justified, or identify any other circumstances that would make the award of fees unjust, so the Court turns to the appropriate amount of damages. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02, 122 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Defendant's corrected request is for 5.2 hours of attorney time at a rate of $150 per hour, for a total of $780. Plaintiff asserts that the reasonable value of the motion and supporting memorandum is no more than $500.

The Court finds that $150 per hour is reasonable and in line with prevailing market rates. Defendant does not dispute that counsel for Plaintiff spent 1.7 hours communicating with counsel for Defendant about trying to resolve the dispute without filing the motion. Defendant argues that it should have taken less time for counsel to draft the brief because "this was a matter in which there was no dispute that the plaintiff's written discovery responses were overdue," so it should not have taken as much time as it did to draft the motion. $500 would represent only 3.3 attorney hours, and the Court does not find it unreasonable that counsel for Plaintiff spent more than 1.6 hours drafting a motion to compel. Indeed, 3.5 hours is a brief and very reasonable amount of time to compile a description of attempts to confer with opposing counsel and to draft a brief describing the legal and factual basis for the requested discovery.

For the foregoing reasons, the Court hereby approves and **GRANTS** the request contained within the Itemization of Costs and Fees Incurred to Bring Motion to Compel and Petition for Fees [DE 20], and **ORDERS** Plaintiff and/or Plaintiff's attorney[1] to reimburse Defendants in the sum of $780.00 in attorney fees within thirty days of the date of this order.

SO ORDERED this 7th day of June, 2018.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc: All counsel of record

---

[1] *See* Fed. R. Civ. P. 37(a)(5)(A) (providing that the award should be paid by "the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both"); *Francis v. AIT Labs.*, No. 1:07-CV-0626-RLY-JMS, 2008 WL 2561222, at *5 (S.D. Ind. June 26, 2008) (ordering the attorney to pay expenses where "Plaintiff's counsel, rather than Plaintiff himself, was responsible for the failure to supplement and should therefore bear the cost of the sanction to be imposed").