UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMIE ZENDIAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>INDIANA DEPARTMENT OF CHILD SERVICES; TERRY STIGDON, Director of the Department of Child Services; and LISA RICH,<br><br>　　　　　Defendants. | CAUSE NO.: 2:17-CV-174-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Motion for Summary Judgment [ECF No. 81]. The Defendants served the Plaintiff with a notice to pro se party as required by Northern District of Indiana Local Rule 56-1(f). *See* ECF No. 83; *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992). The Plaintiff has not filed a response, and the time to do so has passed.

The Plaintiff filed her Complaint [ECF No. 3] in the Lake County, Indiana, Superior Court against the Indiana Department of Child Services (DCS); Mary Beth Bonaventura, Director of DCS, in her official capacity; and Lisa Rich, Deputy Director of Services and Outcomes for DCS, in her official and personal capacities. The Defendants subsequently removed the case to this Court. ECF No. 1. Terry Stigdon has been substituted for Mary Beth Bonaventura. ECF No 19. The Complaint brings a Fourteenth Amendment Equal Protection Claim under 42 U.S.C. § 1983 (Count One), seeking compensatory and punitive damages as well as an injunction barring the Defendants from interfering with the Plaintiff's employment. The Complaint also brings state law claims of tortious interference with contract (Count Two),

defamation (Count Three), invasion of privacy (Count Four), and intentional infliction of emotional distress (Count Five).

For the reasons set forth below, the Court grants the motion for summary judgment on the federal § 1983 claim in Count One, relinquishes jurisdiction of the state law claims in the remaining counts, and remands this case to the Lake County, Indiana, Superior Court.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of [her] case on which [she] bears the burden of proof; if [she] fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted). Facts that are

2

outcome determinative under the applicable law are material for summary judgment purposes. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## MATERIAL FACTS

At one time, the Plaintiff worked as a family case manager for DCS. Defs.' Ex. A, 6:2–6, ECF No. 82-1. After leaving DCS, the Plaintiff did similar work as a family case manager for Family First Services and NorthStar. *Id.* at 6:11–16. The Plaintiff was then hired by Geminus Corporation to work with its clients who did not have active DCS referrals. *Id.* at 5:20–23, 6:16–25, 7:6–8:3, 15:18–16:9. The Plaintiff started her employment with Geminus on February 28, 2015. Defs.' Ex. B at 5, ECF No. 82-2.

Having learned of the Plaintiff's employment with Geminus, DCS' Child Welfare Regional Services Coordinator sent an email to Lisa Rich, Deputy Director of Services and Outcomes, on March 4, 2015, directing her to send a letter informing Geminus that the Plaintiff cannot work with DCS clients based on past complaints about her work conduct. *See* Defs.' Ex. D at 1, ECF No. 82-4. That same day, Rich sent a letter to Sanford Kauffman, Geminus Director, requesting that the Plaintiff be removed from any cases involving DCS clients and that the Plaintiff have no contact with DCS clients until further notice. Defs.' Ex. C, ECF No. 82-3. The letter explained that DCS was dissatisfied with the Plaintiff's work and adherence to DCS' service standards in her previous work serving DCS clients while employed at a different agency. *Id.*

The Plaintiff's employment with Geminus ended on March 4, 2015. Defs.' Ex. B. at 5.

The Defendants identify three concerns with the Plaintiff's past conduct that prompted the March 4, 2015 letter. First, DCS received information from clients alleging that the Plaintiff had purchased and used illicit drugs with them. Defs.' Ex. D at 1. Second, in December 2012, the

Plaintiff, who was conducting a foster care home visit with the child's biological mother, called in a report to the DCS hotline at her supervisor's direction. Defs.' Ex. B at 5–6. In her call, the Plaintiff reported that the child's "vaginal area was swollen, red, and had a discharge." Defs.' Ex. D at 3; *see also* Defs.' Ex. B at 6. When contacted about the report by DCS, the child's mother, who had participated in the supervised visit with the child's father and grandmother, reported that they and the Plaintiff "believed the child was penetrated" based on observed redness, irritation, and discharge of the child's vaginal area. Defs.' Ex. D at 4. The mother reported that she and the grandmother had held the child's legs open while the Plaintiff used a "flashlight app" on her phone to "internally examine the child's vagina." *Id.* The mother reported that none of the parties involved contacted law enforcement and that the Plaintiff returned the child to the foster residence. *Id.* The father confirmed the mother's report. *Id.* Finally, in 2013, the Plaintiff was instructed to call in a report that a mother was touching her child in an inappropriate sexual manner but called in a report that the touching was not in a sexual manner. Defs.' Ex. D at 2.

Previously, DCS had sent a similar letter to two of the Plaintiff's prior employers, and the Plaintiff was terminated from those positions as well. Defs.' Ex. A, 9:17–10:2; Defs.' Ex. D at 1.

## ANALYSIS

A.  **Fourteenth Amendment Equal Protection Claim**

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides: "No State shall make or enforce any law which shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. In Count One, brought under 42 U.S.C. § 1983, the Plaintiff alleges that the Defendants acted "in violation of the Plaintiff's rights pursuant to the Fourteenth Amendment Equal Protection Clause." Compl. ¶ 16, ECF No. 3. It appears that the Plaintiff is alleging a violation of her equal

4

protection rights based on the March 4, 2015 letter Rich sent to Geminus, the Plaintiff's employer, asking that the Plaintiff be removed from cases involving DCS clients.

First, the Court grants summary judgment on the § 1983 claim for money damages in favor of DCS and Stigdon and Rich in their official capacities. "Section 1983 imposes liability on '[e]very person who, under color of any . . . State [law]' violates the federal rights of another." *Jones v. Cummings*, 998 F.3d 782, 786 (7th Cir. 2021) (quoting 42 U.S.C. § 1983)). However, states are not "persons" within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This rule extends to a suit against state agencies as well as state officials in their official capacity because such a suit "is no different from a suit against the State itself." *Id.* at 70, 71; *see Sanders v. Ind. Dep't of Child Servs.*, 806 F. App'x 478, 480 (7th Cir. 2020) (citing *Will*, 491 U.S. at 70–71); *Hale v. Ind. Dep't of Child Servs.*, 784 F. App'x 956, 957 (7th Cir. 2019). Thus, DCS, an agency of the State of Indiana, and Defendants Stigdon and Rich in their official capacities are not persons within the meaning of § 1983, and the § 1983 the claim for damages against them is barred.

Second, the Court grants the motion for summary judgment on the Plaintiff's § 1983 equal protection claim against Rich in her individual capacity for money damages and Stigdon and Rich in their official capacities for injunctive relief because the Plaintiff has failed to identify a genuine dispute of fact that her constitutional rights were violated.[1] The Plaintiff does not allege that she was treated differently based on a suspect classification or for exercising a fundamental right. Therefore, the Court treats the Plaintiff's claim as a "class-of-one" equal protection claim. *See Paramount Media Grp., Inc. v. Village of Bellwood*, 929 F.3d 914, 920 (7th

---

[1] A plaintiff may sue a state official in their official capacity under § 1983 for prospective relief. *Will*, 491 U.S. at 71 n.10 (citing *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14; *Ex parte Young*, 209 U.S. 123, 159–60 (1908)); *Kolton v. Frerichs*, 869 F.3d 532, 536 (7th Cir. 2017).

Cir. 2019). "The core idea behind a class-of-one claim is that the equal-protection guarantee 'protect[s] individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes.'" *Id*. (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012)); *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). To succeed on such a claim, a plaintiff must demonstrate that she was (1) "intentionally treated differently from others similarly situated" and (2) "that there is no rational basis for the difference in treatment." *FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 588 (7th Cir. 2021) (quoting *Geinosky*, 675 F.3d at 747). Assuming for purposes of this motion that the Plaintiff has alleged a viable basis for her equal protection claim based on the March 4, 2015 letter, the Plaintiff fails to satisfy either prong for a class-of-one claim.

On the first element, "[t]he equal-protection guarantee is concerned with governmental classifications that affect some groups of citizens differently than others." *Monarch Beverage Co. v. Cook*, 861 F.3d 678, 682 (7th Cir. 2017) (quotation marks omitted) (quoting *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 601 (2008)). The Plaintiff did not respond to summary judgment and, thus, has offered no evidence that she was treated differently from any other similarly situated individual or that the similarly situated element should be overlooked in this case. *See FKFJ, Inc.*, 11 F.4th at 589 (recognizing that the court has "overlooked failure to strictly comply with the similarly situated element in a very limited number of class-of-one cases where animus is readily apparent"). Accordingly, the Court grants summary judgment on the merits of the Plaintiff's § 1983 equal protection claim. *See Paramount Media Grp.*, 929 F.3d at 920 (granting summary judgment for failure to satisfy the similarly situated prong (citing *Monarch Beverage Co.*, 861 F.3d at 682)).

The Plaintiff's claim also fails on the second element because she has not offered any facts to show that the Defendants lacked a rational basis in sending the March 4, 2015 letter. *See Engquist*, 553 U.S. at 604. The Defendants argue that it was within their duty to the State of Indiana to properly screen individuals who interact with their clients. They reason that the letter Rich sent to Geminus was rationally related to her duties as DCS' Deputy Director of Services and Outcomes. Indeed, DCS' Child Welfare Regional Services Coordinator directed Rich to send the letter based on specific concerns with the Plaintiff's past conduct. DCS' request that the Plaintiff not be assigned to DCS cases was rationally related to the Defendants' duty to ensure that contractors working for them adhered to DCS service standards. The Plaintiff did not respond to the summary judgment motion and, thus, has offered no evidence or argument to dispute this rational basis. Accordingly, the Court grants the motion for summary judgment on the § 1983 equal protection claim on this additional basis.[2]

**B.     Indiana State Law Claims**

The Plaintiff brings several Indiana state law claims, which are before the Court on supplemental jurisdiction. "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). Although the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). "The presumption is rebuttable, but it should not be

---

[2] In the motion for summary judgment, Rich argues that she is entitled to qualified immunity on the § 1983 claim. Because the Court finds that the Plaintiff has not established a constitutional violation, the Court need not consider the remainder of Rich's argument for qualified immunity.

lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law." *RWJ Mgmt. Co., Inc.*, 672 F.3d at 479 (quotation marks and citation omitted). As the Court has not engaged in any meaningful review of the merits of the state law claims and has not otherwise committed substantial judicial resources to them, declining to exercise jurisdiction is proper. *See Davis v. Cook County*, 534 F.3d 650, 654 (7th Cir. 2008) ("[T]he district court disposed of the federal claims on summary judgment, and so 'substantial judicial resources' have not yet been committed to the case.").

## CONCLUSION

For the reasons set forth above, the Court hereby GRANTS in part and DENIES in part the Defendants' Motion for Summary Judgment [ECF No. 81], granting summary judgment in favor of the Defendants on the Plaintiff's Fourteenth Amendment equal protection claim brought under 42 U.S.C. § 1983 in Count One. As to that federal § 1983 claim in Count One, the Court DIRECTS the Clerk of Court to enter judgment in favor of the Defendants Indiana Department of Child Services, Terry Stigdon Director of the Department of Child Services, and Lisa Rich and against the Plaintiff Jamie Zendian. The Court DECLINES to exercise supplemental jurisdiction over the Plaintiff's remaining state law claims and REMANDS the state law claims to the Lake County, Indiana, Superior Court.

SO ORDERED on March 8, 2022.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT